UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| _____ | ) | CASE NO.: |
| CAROL DENTAMARO and GLENN STAVOL | ) | 3:13-CV-01369-AWT |
| INDIVIDUALLY AND ON BEHALF OF ALL OTHERS | ) | |
| SIMILARLY SITUATED | ) | |
|     Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A. D/B/A | ) | |
| WELLS FARGO DEALER SERVICES, | ) | |
|     Defendant | ) | |
| _____ | ) | JANUARY 24, 2014 |

AMENDED CLASS ACTION COMPLAINT

INTRODUCTION

Carol Dentamaro and Glenn Stavol (also hereinafter referred to as "Plaintiffs") bring this consumer class action on behalf of themselves and all individuals (the "Class Members") whose statutory rights were violated when their watercraft were repossessed by defendant, Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer Services. ("Wells Fargo").  Plaintiffs allege that, in connection with their transaction and those of the Class Members, Wells Fargo violated Article 9 of the Uniform Commercial Code ("U.C.C.") by providing them notice that the disposition of their watercraft would be by public sale and subsequently disposing of their watercraft by private sale. Plaintiffs bring this action as a class action proceeding in accordance with Practice Book §9-7 *et seq*.

Plaintiffs seek actual, statutory and punitive damages, and attorney's fees and costs for themselves and the Class Members.

1.   The plaintiffs are over the age of 18, and they bring this action on behalf of a class of others similarly situated.

### PARTIES

2.   Plaintiffs are individuals residing in East Windsor, Connecticut.

3.   Defendant Wells Fargo is a national bank with corporate offices in San Francisco, CA that is engaged in, among other things, extending loans to consumers that are secured by watercraft.

4.   Each year, thousands of consumers finance watercraft through Wells Fargo, and each year scores of these watercraft are repossessed by Wells Fargo.

### PLAINTIFFS' TRANSACTION

5.   On May 15, 2008, Plaintiffs entered into a Marine Note and Security Agreement (the "Note") with Wachovia Dealer Services a predecessor of Wells Fargo.

6.   The Note was secured by a 1997 Carver 504 Aft Cabin watercraft ("Plaintiffs' Watercraft").

7.   Wells Fargo sent Plaintiffs with written notice of its intention to sell Plaintiffs' Watercraft, but the notices provided by Wells Fargo all indicated that disposition would be by public disposition at a public sale.

8.  Wells Fargo disposed of Plaintiffs' Watercraft by private sale.

9.   Alternatively, if it is determined that the sale of Plaintiffs' watercraft was public, Wells Fargo failed to notify Plaintiffs of the time and place of the public sale. Specifically, Wells Fargo has claimed that the sale was made by means of an on-line auction, and it did not provide Plaintiffs with the website address of any auction and it did not otherwise provide instructions regarding how to participate in any auction.

CLASS CLAIM AND ALLEGATIONS

10.   Plaintiffs bring this action as a class action.  The class is comprised of natural persons (the "Class  Members") who are similarly situated to the Plaintiffs in that, within three years of the commencement of this action:

   a.  They entered into loan agreements with Wells Fargo or its predecessor;

   b.  The loan agreements were secured by Class Members' watercraft;

   c.  Class Members' watercraft were subsequently repossessed by Wells Fargo; and

11.  Wells Fargo disposed of their watercraft by private sale after having provided notice that disposition would be by public sale or, alternatively, Wells Fargo disposed of their watercraft by on-line sale without sending them the website address

for the on-line sale or otherwise providing them with instructions on how to participate in

the on-line sale.   The class is so numerous that it would be impractical to join all of the

members in a single proceeding.  Plaintiffs are unable to state the precise number of

potential Class Members because that information is exclusively in the possession of

Wells Fargo and readily available through discovery.  Plaintiffs are informed and

reasonably believe, and on that basis allege, that the potential class exceeds forty

individuals.

12.   There is a community of interest among the members of the proposed class

in that there are questions of law and fact common to the proposed class that

predominate over questions affecting only individual members.

13.   Plaintiffs' claims are typical of those of the class that they seek to represent.

14.   Plaintiffs will fairly and adequately represent the interests of the Class. They

are represented by counsel who is competent and experienced in both repossession

and class action litigation.

15.   The common claims of law and fact predominate over any individual

questions.  The only individual issue is the identification of the class members, a matter

capable of ministerial determination from Wells Fargo's records.

16.   A class action is superior to other methods for the fair and efficient

adjudication of the controversy.  Because the damages suffered by individual Class

Members are relatively small compared to the expense and burden of litigation, it would

be impracticable and economically infeasible for Class Members to seek redress

individually.  The prosecution of separate actions by the individual Class Members, even if possible or likely, would create a risk of inconsistent or varying adjudication with respect to the claims asserted by individual Class Members and could create incompatible standards of conduct for Wells Fargo.

17.  Wells Fargo disposed of the watercraft that were owned by Plaintiffs and the Class Members by private sale after having provided notice that disposition would be by public sale.

18.  Wells Fargo failed to provide Plaintiffs and the Class Members with written notice that disposition would be by private sale and the date after which a private disposition would take place, as required by Uniform Commercial Code (U.C.C.) § 9-613 and § 9-614.

19.  Alternatively, if it is determined that Wells Fargo disposed of the watercraft by public sale, it did not provide Plaintiffs and the Class members with notice of the time and place of the public sale as required by U.C.C.  §9-613 and § 9-614.

20.  Wells Fargo is liable to Plaintiffs and the Class Members pursuant to U.C.C. § 9-625(c)(2) for ten-percent of the amount financed under their loan agreements plus the credit service charge or time-price differential under their contracts.

WHEREFORE, Plaintiffs seek the following relief for themselves and the Class Members:

a.    Damages in an amount in excess of $15,000;

b.    Statutory damages pursuant to U.C.C. § 9-625(c)(2).

c.    With respect to those Class Members residing in jurisdictions where failure to

      comply with Article 9 of the U.C.C. provides a defense to a deficiency claim,

      a declaration that no deficiency is owing;

d.    Costs

                                        PLAINTIFFS, CAROL DENTAMARO and
                                        GLENN STAVOL


                                        By: __/s/ Daniel S. Blinn_____
                                            Daniel S. Blinn (ct02188)
                                            dblinn@consumerlawgroup.com
                                            Hailey Gallant Rice (ct29150)
                                            hgrice@consumerlawgroup.com
                                            Consumer Law Group, LLC
                                            35 Cold Spring Rd, Suite 512
                                            Rocky Hill, CT  06067-9997
                                            Tel (860) 571-0408
                                            Fax (860) 571-7457

## CERTIFICATION

     I hereby certify that on this 24th day of January, 2014, a copy of the foregoing Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


     /s/ Daniel S. Blinn
     Daniel S. Blinn